**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Allan Andrews, | No. CV-21-01949-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| United States Postal Service, et al., | |
| Defendants. | |

The Complaint in this case was filed on November 17, 2021. Thus, service on Defendants was due before February 17, 2022. *See* Fed. R. Civ. P. 4(m). To date, no proof of service has been filed.

On March 22, 2022, the Court issued an Order to Show Cause, which stated: "IT IS ORDERED that by 3/29/2022, Plaintiff shall show cause, by filing a response to this Order in the record, why the case should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) due to Plaintiff's failure to serve the Defendants within the time limits of Federal Rule of Civil Procedure 4(m)." March 29, 2022, has passed and Plaintiff has not responded to this Court's Order.

Thus, the Court will consider the factors for dismissal under Federal Rule of Civil Procedure 41(b), which are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Factors

one, two and five favor dismissal. Specifically, the Court can neither manage its docket nor expeditiously resolve a case if Plaintiff has quit participating. Additionally, the Court has already attempted a sanction less drastic than dismissal in the form of a show cause order, and that sanction was unsuccessful. The public policy favoring a disposition of cases on their merits always weighs against dismissal.

Finally, delay in service always creates some risk of prejudice to the defendants due to the possibility of evidence being lost or memories fading while defendants are unaware of the litigation. Nonetheless, in this case, because defendants have not been served, the Court cannot evaluate their specific risk of prejudice. Thus, this factor weighs slightly in favor of dismissal.

Because four of the five factors weigh in favor of dismissal, the Court will dismiss this case. The Court will dismiss without prejudice as a less drastic sanction than a with prejudice dismissal. Thus,

**IT IS ORDERED** that this case is dismissed without prejudice for failure to timely serve the Defendants and the Clerk of the Court shall enter judgment accordingly.

Dated this 4th day of April, 2022.

_____
James A. Teilborg
Senior United States District Judge